# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE LEE POSLOF, JR.,<br><br>　　　　Petitioner,<br><br>　v.<br><br>VERN WARNKE,<br><br>　　　　Respondent. | Case No. 1:17-cv-01119-SAB-HC<br><br>ORDER TO SHOW CAUSE |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**BACKGROUND**

Petitioner is currently confined at the Merced County jail. (ECF No. 1 at 1).[1] In the instant federal habeas petition, Petitioner alleges ineffective assistance of counsel and due process violations arising from his Merced County criminal proceeding, which involves violations of California Penal Code sections 228(a), 228a(c), and 228.7. (ECF No. 1 at 1, 4). Although Petitioner states that the length of his sentence is twenty-seven years to life, Petitioner also states that he is pending sentencing. (ECF No. 1 at 1).

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In <u>Younger v. Harris</u>, 401 U.S. 37 (1971), the Supreme Court held that when there is a pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution. <u>See</u> <u>Kowalski v. Tesmer</u>, 543 U.S. 125, 133 (2004) ("The doctrine of <u>Younger v. Harris</u> . . . reinforces our federal scheme by preventing a state criminal defendant from asserting ancillary challenges to ongoing state criminal procedures in federal court."). The Ninth Circuit has interpreted <u>Younger</u> to mean that "only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." <u>Drury v. Cox</u>, 457 F.2d 764, 764–65 (9th Cir. 1972).

Here, it is unclear from the face of the petition whether Petitioner's conviction is final. Petitioner states that the length of his sentence is twenty-seven years to life, but he also states that he is pending sentencing. Although Petitioner asserts that he has raised his ineffective assistance of counsel and federal due process claims to the California Supreme Court, the "apparent finality" of his claims "is not enough." <u>Drury</u>, 457 F.2d at 765. Thus, Petitioner must inform this Court whether he has been sentenced, "judgment has been appealed from and the case concluded in the state courts." <u>Id.</u>

## III.

## ORDER

Accordingly, Petitioner is ORDERED to SHOW CAUSE within **THIRTY (30) days** from the date of service of this order why the petition should not be dismissed without prejudice based on <u>Younger</u> and Petitioner's ongoing state criminal proceeding.

///

Petitioner is forewarned that failure to follow this order may result in dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action).

IT IS SO ORDERED.

Dated: **September 8, 2017**

UNITED STATES MAGISTRATE JUDGE