# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE LEE POSLOF, JR.,<br><br>Petitioner,<br><br>v.<br><br>VERN WARNKE,<br><br>Respondent. | Case No. 1:17-cv-01119-LJO-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## BACKGROUND

On August 21, 2017, Petitioner filed the instant federal petition for writ of habeas corpus. (ECF No. 1). At the time the petition was filed, Petitioner was confined at the Merced County jail. (ECF No. 1 at 1).[1] In the petition, Petitioner alleges ineffective assistance of counsel and due process violations arising from his Merced County criminal proceeding, which involves violations of California Penal Code sections 288(a), 288a(c), and 228.7. (ECF No. 1 at 1, 4). Although the petition states that the length of Petitioner's sentence is twenty-seven years to life, the petition also states that Petitioner is pending sentencing. (ECF No. 1 at 1).

---
[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

1    On September 8, 2017, the Court ordered Petitioner to show cause why the petition should not be dismissed without prejudice pursuant to Younger v. Harris, 401 U.S. 37 (1971), based on Petitioner's ongoing state criminal proceeding. (ECF No. 6). On October 20, 2017, the Court received Petitioner's response wherein Petitioner alleges that his criminal proceeding (Case No. CRM028634) became final on August 28, 2017. (ECF No. 9).

**II.**

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

"Younger abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose, 546 F.3d 1087, 1091 (9th Cir. 2008). In Younger, the Supreme Court held that when there is a pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution. Younger, 401 U.S. at 41; Sprint Commc'ns, Inc. v. Jacobs, 134 S. Ct. 584, 588 (2013). See also Kowalski v. Tesmer, 543 U.S. 125, 133 (2004) ("The doctrine of Younger v. Harris . . . reinforces our federal scheme by preventing a state criminal defendant from asserting ancillary challenges to ongoing state criminal procedures in federal court."). The Ninth Circuit has interpreted Younger to mean that "only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." Drury v. Cox, 457 F.2d 764, 764–65 (9th Cir. 1972).

In the petition, Petitioner states that the length of his sentence is twenty-seven years to life, but also states that he is pending sentencing. (ECF No. 1 at 1). In Petitioner's response to the order to show cause, Petitioner alleges that his criminal proceeding became final on August 28, 2017. (ECF No. 9 at 1). Although Petitioner's Merced County Superior Court criminal proceeding may have concluded, Petitioner currently has an appeal pending in the California

1 Court of Appeal, Fifth Appellate District, People v. Poslof, No. F076258 (Cal. Ct. App. filed Sept. 13, 2017).[2]

Petitioner also asserts that he has exhausted state judicial remedies because he filed a state habeas petition in the California Supreme Court that raised the same ineffective assistance of counsel and due process claims he raises in the instant federal petition. (ECF No. 9 at 2). However, the "apparent finality" of his claims "is not enough." Drury, 457 F.2d at 765. The pertinent inquiry is whether Petitioner has been sentenced, "judgment has been appealed from and the case concluded in the state courts." Id.

As the instant federal habeas petition challenges Petitioner's ongoing criminal proceeding in state court, the Court should abstain from interfering with the state judicial process pursuant to Younger, and the petition should be dismissed.

### III.

### RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the petition be DISMISSED without prejudice.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Petitioner is advised that failure to file objections within the specified

---

[2] Appellate Case Information, California Courts, http://appellatecases.courtinfo.ca.gov (search by "Last Name" for "Poslof") (last visited Nov. 1, 2017). See Fed. R. Evid. 201(b)(2); U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e 'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'") (quoting St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169, 1172 (10th Cir. 1979)); Worthy v. Hartley, No. 1:09-cv-01867-JLT HC, 2010 WL 1339215, *3 n.2 (E.D. Cal. Apr. 2, 2010) ("[T]he internet website for the California Courts, containing the court system's records for filings in the Court of Appeal and the California Supreme Court are subject to judicial notice.").

time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 3, 2017**

_____
UNITED STATES MAGISTRATE JUDGE